## LYONS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term.    November 30, 1909.)

1. CARRIERS (§ 83*)—CARRIAGE OF FREIGHT—BILL OF LADING—DELIVERY.

A carrier of freight consigned to the shipper under a bill of lading stipulating for notice of the arrival to a third person, and providing that the surrender of the bill of lading properly indorsed shall be required before the delivery of the freight, cannot deliver until presentation of the bill of lading, as the condition imposed therein cannot be waived.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 308–315; Dec. Dig. § 83.*]

2. CARRIERS (§ 140*)—DELIVERY—LIABILITY.

Where the bill of lading stipulated for notice of the arrival of the goods to a third person, and provided that, if the property was not removed on presentation of the bill of lading by the third person within 48 hours after notice, the carrier was liable as a warehouseman only, the third person, on receiving notice, must within 48 hours present the bill of lading if he wished to hold the carrier as such, as after that time the carrier became a warehouseman.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 140.*]

3. CARRIERS (§ 83*)—DELIVERY—NECESSITY.

A carrier not authorized to deliver the goods until the presentation of the bill of lading need not place the car containing the goods on the delivery track until the person entitled to the goods is prepared by the presentation of the bill of lading to receive the goods.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 83.*]

4. CARRIERS (§ 146*)—LIABILITY AS WAREHOUSEMAN—BURDEN OF PROOF.

Where the liability of a carrier sued for loss of goods was that of warehouseman only, plaintiff must show negligence on the part of the carrier in the care of the goods.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 146.*]

5. CARRIERS (§ 146*)—LIABILITY AS WAREHOUSEMAN.

The disappearance of goods in the possession of a carrier holding them as warehouseman only raises a presumption of negligence on its part in the care of the goods.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 146.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Edward Lyons against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff in the Municipal Court of the city of New York, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Alex. S. Lyman (William Mann, of counsel), for appellant.
Warren A. Shenkowitz, for respondent.

GILDERSLEEVE, P. J.    On November 30, 1908, one Tibbetts shipped a car load of potatoes from New Sweden, Me., to this city, consigned to himself, but with directions to notify plaintiff on the arrival of said car.    The bill of lading allowed inspection of the car, but provided that "the surrender of this original order bill of lading,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

properly indorsed, shall be required before the delivery of the property." It also stipulated that, if the property was not removed by the party entitled to receive it within 48 hours after notice of its arrival, the carrier was to be liable as a warehouseman only. The car in question arrived on December 8, 1908, and plaintiff was notified of such arrival on the same day. The car was put on the "hay track," not on the "delivery track," by defendant. On December 8, 1908, plaintiff, acting under the permission mentioned in the bill of lading, aforesaid, inspected the car load, and found the contents in good order, and then he closed the car doors, and fastened them by nailing "cleats" on the doors. Nothing further was done until December 19, 1908, when plaintiff examined the car load again, and found that the cleats had been taken off the door on one side of the car, and that a part of the contents had disappeared. Plaintiff did not deliver the bill of lading until December 26, 1908, some seven days after the discovery of the loss aforesaid. The court gave judgment for plaintiff for $53.24, the value of the lost potatoes, with costs. Defendant appeals.

As we have seen, the defendant was not allowed by the bill of lading to deliver the car load until presentation of said bill of lading, which condition could not be waived, as the car load was consigned, as we have seen, not to plaintiff, but to Tibbetts himself, although the notice of arrival was to be given to plaintiff. Upon the receipt of such notice, it was plaintiff's duty to present the bill of lading within 48 hours, if he wished to hold defendant as a common carrier, as after that period the defendant, by the terms of the bill of lading, became a warehouseman. The plaintiff's office, it may be observed, was close by the yards of defendant where the car was left. It was not the duty of defendant to place the car on the delivery track until plaintiff was prepared by the presentation of the bill of lading to receive the contents of said car. Whether or not the disappearance of the property took place within 48 hours after notice does not appear, as plaintiff inspected the car on the day he got the notice and not again until 11 days thereafter, and there is nothing to show on what day the property disappeared. Nevertheless it seems to us that the fair inference from all the evidence is that defendant's liability was that of a warehouseman only, in which case it was necessary for plaintiff to show negligence on the part of defendant in the care of the car load. The fact of the disappearance of the potatoes raised a presumption of such negligence.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs. LEHMAN, J., concurs in result.